**ALLSTATE INSURANCE COMPANY, a Corporation, Plaintiff,**

**v.**

**GUARANTY INSURANCE EXCHANGE OF KANSAS CITY, MISSOURI, a Corporation, Roy Dalton and Stewart F. Thacker, Defendants.**

**Civ. A. No. 4012.**

United States District Court
W. D. South Carolina,
Greenville Division.

Sept. 15, 1962.

W. Francis Marion, Donald L. Ferguson, Greenville, S. C., for plaintiff.

J. Wiley Brown, Greenville, S. C., Jas. P. Brown, Knoxville, Tenn., for defendant Stewart F. Thacker.

Edens & Hammer, Columbia, S. C., for defendant Guaranty Insurance Exchange of Kansas City, Missouri.

James J. Raman, Spartanburg, S. C., for defendant Roy Dalton.

WYCHE, Chief Judge.

This is an action brought under the Declaratory Judgment Act (28 U.S.C.A. §§ 2201–2202), in which the plaintiff asks this Court to "determine its liability" under its automobile liability insurance policy issued to the defendant Stewart F. Thacker covering the operation of his 1959 Edsel automobile. The policy contains an uninsured motorist endorsement.

On March 31, 1961, while the said policy of insurance was in force and effect, the defendant Stewart F. Thacker was involved in an automobile accident with the defendant Roy Dalton in the State of South Carolina.

The defendant Roy Dalton was insured by the defendant Guaranty Insurance Exchange of Kansas City, Missouri, by an automobile liability insurance policy covering a 1949 Plymouth 4–door automobile, which the plaintiff contends was in full force and effect at the time of the accident on March 31, 1961, and that therefore defendant Stewart F. Thacker's automobile is not covered by the uninsured motorist endorsement of its policy.

The defendant Guaranty Insurance Exchange of Kansas City, Missouri, alleges that its policy issued to the defendant Roy Dalton was not in full force and effect, but had been legally cancelled before the date of the accident.

The defendant Roy Dalton alleges that the automobile liability insurance policy issued to him by the defendant Guaranty Insurance Exchange of Kansas City, Missouri, was in full force and effect at the time of the accident, and has filed a cross-claim for damages against the defendant Guaranty Insurance Exchange of Kansas City, Missouri.

As a result of said accident Elsie Thacker, who was in the vehicle driven by her husband Stewart F. Thacker, sustained injuries as a result of which she subsequently died; Mary Jane Warwick and James Warwick, who were also in the vehicle, along with the driver, Stewart F. Thacker, sustained personal injuries and Stewart F. Thacker's 1959 Edsel automobile was damaged; subsequent to said accident these parties have filed claims with the Guaranty Insurance Exchange of Kansas City, Missouri, which defendant has denied and disaffirmed that it had any coverage in effect on the defendant Roy Dalton or his 1949 Plymouth at the time of the accident on March 31, 1961; thereafter these parties filed claims against the plaintiff Allstate Insurance Company under the uninsured motorist provision of its policy issued to Stewart F. Thacker.

The defendant Stewart F. Thacker alleges that the Roy Dalton automobile was uninsured and that he is entitled to recover against the plaintiff by reason of the uninsured motorist endorsement in the automobile liability insurance policy issued to him by the plaintiff and that he and the other claimants are entitled to recover against the plaintiff.

The uninsured motorist endorsement of the policy is as follows: "Allstate will pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such automobile."

The defendant Stewart F. Thacker seeking affirmative relief under this uninsured motorist provision of the policy alleges: "Further answering, the said defendant, Stewart F. Thacker, would show that at the said time and place he was operating his automobile lawfully and cautiously in a westerly direction, on the right hand side of the highway and that the defendant Roy Dalton was driving his car in an easterly direction and immediately before the said cars met the said Roy Dalton unlawfully, wrecklessly, and without due caution, abruptly turned his car to his left and across the path of the Thacker car without giving any warning or signal of his intention to so turn. That the negligence of the defendant Roy Dalton was the direct and proximate cause of the accident involving the two said cars at the same time and place.

"As a result of the said accident the defendant, Stewart F. Thacker was seriously injured and his wife, Elsie Thacker, was also seriously injured and her injuries resulted in her death. She was 54 years of age at the time of her death.

"That the said defendant, Stewart F. Thacker, as a result of the said accident and resulting injuries and death, was forced to spend great sums of money for hospital, doctor and funeral bills in the amount of $2,253.16. As a result of the said accident and injuries the said Stewart F. Thacker suffered great pain and anguish.

    \*    \*    \*    \*    \*    \*

" \* \* \* that the Court will go further and fix the amount of actual and punitive damages that the defendant, Stewart F. Thacker, is entitled to, to the end of settling all matters in this cause."

This case is before me upon the motion of the plaintiff to strike these allegations for affirmative relief upon the ground that these allegations are "redundant, irrelevant, immaterial and impertinent."

This is a statutory action under the Declaratory Judgment Act, as amended. 28 U.S.C.A. §§ 2201–2202.

Under Section 2201 a District Court may upon the filing of an appropriate pleading declare the legal relations of interested parties and the declaration entered has the force and effect of a final judgment or decree. Under Section 2202, the Court may grant further or necessary relief based on a declaratory judgment, after notice and hearing. It is not the primary function of the court in a declaratory judgment proceeding to award damages, but the grant of power contained in section 2202 of the act is broad enough to vest the district court with jurisdiction to award damages where it is necessary or proper to effectuate relief based upon the declaratory judgment rendered in the proceedings. Security Insurance Company of New Haven v. White, 236 F.2d 215, 220 (C.A. 10, 1956); Texasteel Manufacturing Co. v. Seaboard Surety Co., 158 F.2d 90 (C.A. 5), certiorari denied, 331 U.S. 828, 67

S.Ct. 1350, 91 L.Ed. 1843; Goldsmith Metal Lath Co. v. Milcor Steel Co., D.C., 53 F.Supp. 778; Standard Accident Insurance Co. of Detroit, Mich. v. Hull, D. C., 91 F.Supp. 65.

 It is my opinion that under the provisions of Section 2202 of the act, the defendant Stewart F. Thacker has the right to seek the affirmative relief alleged in his answer. However, since the defendant Stewart F. Thacker must prove that he is legally entitled to recover against the defendant Roy Dalton before he can recover against the plaintiff, copy of his answer should be served upon the defendant Roy Dalton and defendant Guaranty Insurance Exchange of Kansas City, Missouri. Counsel for the plaintiff have stated that they have no objection to such service.

It is, therefore, Ordered, That the motion of the plaintiff to strike be and the same is hereby denied.