J. Frank **BROYLES** and Henry D. Broyles by J. Frank Broyles, Guardian, Plaintiffs,

v.

**COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK**, Defendant and Third-Party Plaintiff,

v.

The **FIDELITY AND CASUALTY COMPANY OF NEW YORK**, and Harry L. Bell and Margaret H. Bell, Co-Administrators of the Estate of Robert E. Bell, Deceased, Third-Party Defendants.

Civ. A. No. 595.

United States District Court
W. D. Arkansas,
Fayetteville Division.

Aug. 26, 1968.

---

Ball & Gallman, Fayetteville, Ark., for plaintiffs.

Thomas Pearson, Fayetteville, Ark., for defendant and third-party plaintiff.

Shaw, Jones & Shaw, Ft. Smith, Ark., for third-party defendants.

## OPINION

JOHN E. MILLER, Senior District Judge.

There is before the court a motion of plaintiffs filed August 13, 1968, for further relief pursuant to 28 U.S.C.A. § 2202.

In considering this motion, it is necessary for the court to review the pleadings and the various proceedings heretofore had in the case.

On June 3, 1966, Mr. and Mrs. Harry L. Bell, Co-Administrators of the Estate of Robert E. Bell, deceased, commenced an action against Frank H. Broyles and Henry D. Broyles, a minor, by J. Frank Broyles, Guardian, in the Circuit Court of Washington County, Arkansas, seeking to recover from the defendants $100,000 damages for the alleged wrongful death of plaintiffs' intestate.

On November 4, 1966, the plaintiffs filed their complaint in this court against the defendant, Commercial Union Insurance Company of New York, seeking a judgment declaring that under the provisions of policy No. 138AB34–92–47, renewal No. 298AB30–4123, that said defendant is required to defend the suit pending in the Washington Circuit Court and to pay any judgment that may be rendered in said action against the plaintiffs, or either of them, not exceeding the policy limits; and that plaintiffs recover their damages by reason of defendant's failure to defend, a reasonable fee for their attorney herein, and for all other proper relief.

That the policy issued to J. Frank Broyles by defendant was in full force and effect on April 16, 1964, the date the deceased was injured.

Under Coverage A the policy provides:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

"A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by any person; arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, and the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient."

Part I of the amendatory endorsement provides that the following are "insureds":

"(b) with respect to a non-owned automobile,

(1) the named insured,

(2) any relative, but only with respect to a private passenger automobile or trailer,

provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission, * * *"

On November 17, 1966, the defendant filed a motion to dismiss, which motion was denied on November 22, 1966.

The defendant, Commercial Union Insurance Company of New York, on November 26, 1966, filed its answer denying certain allegations of the complaint, and alleging "that if the plaintiff, Henry D. Broyles, was driving the automo-

bile in question at the time and place in question, that he was doing so without the permission of his father, J. Frank Broyles, and without the knowledge of his father, J. Frank Broyles, and without the knowledge and permission of the owner of said automobile, to-wit: Mrs. C. D. Matthews."

That the automobile was not owned by either of the plaintiffs and was being operated without the permission of the owner, and was not being operated under such circumstances as to be considered reasonably with the permission of the owner; that under the terms of the policy the defendant is not obligated to defend the suit pending in the Circuit Court or to pay any judgment that might be recovered therein.

On November 29, 1966, the defendant filed an amendment to its answer, in which it is alleged that the automobile being used at the time was covered by liability insurance in standard form and with standard provisions issued for a valuable consideration to the owner of the car, Mrs. C. D. Matthews, by The Fidelity and Casualty Company of New York, which policy was in force and effect, and insured Mrs. Matthews and others driving said automobile against loss or damage to others because of the operation of the automobile. Said policy also contained the standard provision to defend any suit, however groundless or fraudulent, filed against anyone covered by the policy.

It was further alleged that the plaintiff Henry D. Broyles became an insured under the policy issued by The Fidelity and Casualty Company of New York, and is entitled to the coverage and protection afforded by said policy, and "that as between this defendant and The Fidelity and Casualty Company of New York the primary liability, if any, rests upon The Fidelity and Casualty Company of New York, and the primary obligation and duty, if any, to defend the suit filed by Harry L. Bell and Margaret H. Bell, Co-Administrators of the Estate of Robert E. Bell, deceased, pending in the Washington Circuit Court, rests upon The Fidelity and Casualty Company of New York."

That the plaintiff Henry D. Broyles at the time of the death of Robert E. Bell, deceased, was 15 years old, and did not have a driver's license, and "that the operation of same, being without the permission of the plaintiff, J. Frank Broyles, would not and did not impute the negligence, if any, of Henry D. Broyles to the said J. Frank Broyles."

The defendant prayed for a declaration of its rights as against the plaintiffs under the provisions of the policy of insurance issued by it to the plaintiff J. Frank Broyles; for a declaration of its rights as against The Fidelity and Casualty Company of New York under the policy of insurance issued by it to Mrs. C. D. Matthews, and for a declaration of its rights as against the Co-Administrators of the Estate of Robert E. Bell, deceased.

On December 3, 1966, with leave of the court, the defendant, Commercial Union, as a third party plaintiff, filed its complaint against The Fidelity and Casualty Company of New York and Harry L. Bell and Margaret H. Bell, Co-Administrators, as third party defendants, and substantially repeated the allegations of its answer to the complaint and prayed for the same relief.

On December 7, 1966, the third party defendants, Co-Administrators, filed their answer to the third party complaint.

On December 21, 1966, the third party defendant The Fidelity and Casualty Company of New York filed its answer to the third party complaint, in which it denied certain material allegations, but admitted that it issued a policy of automobile liability insurance to C. D. Matthews, d/b/a Matthews Sheet Metal Company, insuring said owner and other persons operating said automobile with the permission of the named insured; that the policy contains a provision which extends coverage to persons other than the named insured for liability for bodily injury provided the actual use of

the automobile was with the permission of the named insured; and further alleges that if Henry D. Broyles was driving the automobile in question at the time and place of the collision, he was doing so without the permission of the named insured, and that it, the third party defendant, is not required to defend the suit pending in the Circuit Court of Washington County, and is not liable for the payment of any judgment that may be rendered against the plaintiffs, or either of them.

The definition of "insured" as contained in the policy issued by the third party defendant is as follows:

"The unqualified word 'insured' includes the named insured and also includes any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, * * *"

The prayer of the answer is that the court declare that the third party defendant is not required to defend the Circuit Court suit or any other action which may be filed as a result of the automobile collision in question, and that it is not liable for any judgment that may be rendered in said action or any other action which may be filed.

With the issues thus formed by the pleadings, the parties proceeded to take the depositions of various witnesses apparently for the purpose of using such depositions at the trial. The accident happened at Fayetteville, Ark. All the witnesses are residents of Fayetteville, which is 60 miles from Fort Smith, with the exception of Mr. and Mrs. Matthews, who live at Little Rock, Ark.

All parties filed motions for summary judgment based on the issues presented in the pleadings.

On August 10, 1967, the court, after a consideration of the motions, wrote counsel for all parties as follows:

"All parties have submitted briefs in support of their respective contentions, and the court has considered the motions, along with the briefs and the authorities cited and relied upon by the parties.

"Rule 56(c), Fed.R.Civ.P., provides:

" 'The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'

"The key requisite to the granting of a motion for summary judgment is that the court must find 'that there is no genuine issue as to any material fact.' If there is no genuine issue as to material fact, then the court may enter such a judgment as it finds authorized and justified by law.

"The motion of plaintiffs is two-pronged in that plaintiffs ask that the defendant be required to defend the state court suit and also to pay any judgment rendered against them by the state court in the suit by Mr. and Mrs. Bell. The question as to whether the defendant should be required to pay any judgment rendered in the state court depends upon a finding of fact by the court as to whether the alleged permission given to Robert Bell, deceased, was broad enough to authorize him to use the automobile belonging to C. D. Matthews, and if broad enough, whether or not he had the authority under the law and the facts to allow or request young Broyles to drive the automobile. You may say that all the testimony available has been presented by the depositions and is now before the court, but it should be remembered that the consideration of a motion for summary judgment is not equivalent to a trial on the merits.

*  *  *  *  *  *

"As to that part of the motion of plaintiffs for an order requiring the defendant, Commercial Union Insurance Company of New York, to defend

the state court suit, Rule 56(d), Fed. R.Civ.P., authorizes a court in a proper case to render a partial judgment on any question that is not controverted. It is not controverted that there is a suit pending against the plaintiffs in the state court and that the plaintiffs have requested the defendant to defend said suit, which it has refused to do.

"The policy issued by the defendant provides that 'the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent.' The duty to defend is separate and apart from the agreement to pay any judgment that may be rendered.

"In Equity Mutual Ins. Co. v. Southern Ice Co., (1960) 232 Ark. 41, 343 [334] S.W.2d 688, the court held that even though there was no duty on the insurer 'to pay', that it did have a duty to defend. The duty to defend is determined by the allegations in the pleadings against the insured. It is not what the insurance company may have gleaned from its outside investigation. It is the allegations made against the insured, however groundless, false or fraudulent such allegations may be, that determine the duty of the insurer to defend the litigation against its insured. Therefore, that part of the motion of plaintiffs for an order requiring the defendant, Commercial Union Insurance Company of New York, to defend the state court suit should be granted.

"That part of the plaintiffs' motion for an order holding that the defendant is required to pay any judgment should be denied without prejudice.

"The separate motions of the defendant and the third-party defendant should be denied without prejudice to the defendant, Commercial Union Insurance Company of New York, to contest any demand by plaintiffs that it pay the judgment, if any, recovered by the plaintiffs in the state court suit against them, and without prejudice to the third-party defendant to contest any proceeding by the Commercial Union Insurance Company against it for contribution or other claim by reason of any judgment that may be rendered in favor of plaintiffs against the defendants in the state court suit.

"An order in accordance with the above is being entered today."

By order of the court, the defendant was directed to proceed with the defense of the state court suit, but the fixing and allowance of attorneys' fee to the plaintiffs was postponed pending the final disposition of the other questions raised.

On September 22, 1967, the plaintiffs filed their first motion for further relief pursuant to 28 U.S.C.A. § 2202, in which they alleged, inter alia:

"4. Commencing on April 17, 1964, plaintiffs employed E. J. Ball to represent them in the matter and on September 1, 1966, employed James W. Gallman in the matter; plaintiffs' attorneys investigated the accident and conferred many times over a two-year period with the parties to the State court action as well as representatives of defendant attempting to avoid any litigation; plaintiffs' attorney appeared with plaintiff Henry D. Broyles at a Juvenile Hearing thereby insuring against any untoward action harmful to interests of plaintiffs and defendant; plaintiffs' attorney attended many conferences with the Bells, their counsel and prospective counsel attempting to dissuade them from bringing any action; plaintiffs' attorney attended the taking of extra judicial depositions by defendant from plaintiffs in an effort to aid defendant in this matter; plaintiffs' attorney negotiated and handled on behalf of plaintiffs certain claims made by Joe Steele, a property owner, sustaining damage to fences as a result of the accident, because of the refusal of defendant to undertake the handling

of the matter; that plaintiffs' attorneys, because of defendant's refusal to undertake the defense of the case were compelled on behalf of plaintiffs to institute this action on November 4, 1966, and that the preparation and trial of this suit to date has involved considerable legal research, brief writing, investigation, taking of depositions, and expenses for travel, phone calls, depositions and other things, all of which is reflected by the record in this case; that plaintiffs are indebted to their attorneys in the amount of $20,000.00 for services rendered and expenses laid out in their behalf, all directly attributable to defendant's breach of contract.

"5. That by reason of the defendant's breach of contract in refusing to undertake the defense in the State court action of plaintiffs and handle the necessary preliminary work to such defense including the extensive negotiations and other claims, and as well as refusing to defend when the law plainly required it, the plaintiffs, as a direct and natural result of the breach of contract, have been damaged in the amount of $20,000.00.

"6. Plaintiffs, because of defendant's breach of contract to defend as well as its present position concerning coverage, will be obliged to continue employment of their counsel in the State court action, although control thereof has shifted to defendant, because of the possibility that adverse and conflicting interests between them and defendant may arise in the course of the proceeding on questions in the suit that may bear on the coverage question; and that during the course of the proceedings the appearance of adverse and conflicting interests between plaintiffs and defendant will require plaintiffs to stand ready to protect their own interests with their own counsel; and that the further cost of employment of counsel in this respect is not known at this time.

"WHEREFORE, plaintiffs demand on this motion for further relief pursuant to the Declaratory Judgment Act, after notice and hearing, judgment against the defendant Commercial Union Insurance Company of New York in the amount of $20,000.00, for their costs expended and all other proper relief."

The issues raised by the motion were briefed by counsel for all the parties, and after considering the briefs, the court advised all counsel by letter that it was of the opinion that further consideration of the motion should be deferred until the suit then pending in the state court against the plaintiffs, which was being defended by Commercial Union, had been disposed of. Therefore, an order was entered deferring consideration of the motion.

On August 13, 1968, the plaintiffs filed a second motion for further relief pursuant to 28 U.S.C.A. § 2202, in which they, inter alia, alleged:

"4. The defendant Commercial Union continued to maintain its position of denying its obligation to pay any judgment rendered against the plaintiffs in the State Court action in contradiction to the terms of the contract of insurance existing between the plaintiffs and the defendant, and further failed and refused to negotiate a reasonable settlement on behalf of plaintiffs. Commercial Union also assigned its own counsel who had represented its interest in these proceedings and who had badgered the plaintiffs throughout these proceedings to represent the plaintiffs in the state court action, even though it was apparent that a serious conflict of interest existed.

"5. On June 20, 1968, shortly prior to the scheduled trial date of July 1, 1968, for the case of Bell et al. v. Broyles, Wash.Cir. No. 5314, counsel for the Bells offered to accept the sum of $4,500.00 in settlement of the said case. A copy of such offer is attached hereto and labeled Exhibit 'A'.

"6. Because of the arbitrariness and bad faith exercised by defendant

Commercial Union and the likelihood of a substantial recovery upon trial of the State Court action, the plaintiffs, through their private attorneys, E. J. Ball and James W. Gallman, demanded of defendant Commercial Union and third-party defendant Fidelity and Casualty Company and other that the case be settled for the sum of $4,500.-00, or such lesser sum as could be arrived at, and further stated that unless settlement was effected they would settle the matter and seek to recover any amount paid out from defendant Commercial Union. A copy of this letter dated June 24, 1968, is attached hereto and labeled Exhibit 'B'.

"7. The defendant Commercial Union, third-party defendant and others failed and refused to settle the claims against the plaintiffs for the sum of $4,500.00 and failed and refused to negotiate a settlement for any lesser sums and on July 11, 1968, plaintiffs settled the said claims for the sum of $4,500.00. Attached hereto is a copy of a Release dated July 17, 1968, executed by Harry L. Bell and Margaret H. Bell, individually and as Co-Administrators of the Estate of Robert E. Bell, deceased, releasing and forever discharging J. Frank Broyles, Barbara D. Broyles and Henry D. Broyles from any and all claims of every kind and character in which the estate of Robert E. Bell, deceased, and Harry L. Bell and Margaret H. Bell, individually and as Co-Administrators of said Estate, might have arising from the automobile accident in question, labeled Exhibit 'C'.

"8. Upon plaintiffs' settling the claims against them, the case of Bell et al. v. Broyles, Wash.Cir. No. 5314, was dismissed with prejudice. A certified copy of the Order of Dismissal is attached hereto as Exhibit 'D'.

"9. The arbitrariness and bad faith exercised by the defendant Commercial Union in (a) denying its obligations to pay the claims against plaintiffs when the contract of insurance compels such payment, and (b) refusing to assign independent counsel loyal to the plaintiffs, to represent the plaintiffs in the State Court action, and (c) refusing to negotiate for a settlement of the State Court action under the circumstances, and (d) refusing to pay the reasonable settlement sum of $4,500.00 when there existed the likelihood of more substantial recovery if the said case were tried, all constituted a breach of the obligations of the defendant to the plaintiffs under the terms of the contract of insurance existing between the plaintiffs and defendant.

"10. As a direct and natural result of defendant Commercial Union's breach of the said contract of insurance, it was necessary for plaintiffs to expend the sum of $4,500.00 to settle the claims against them in the State Court action and plaintiffs are entitled to recover the sum of $4,500.00 from the defendant Commercial Union.

"11. On September 21, 1967, plaintiffs filed their Motion for Further Relief asking that they be awarded a reasonable fee for their attorneys for services rendered and expenses laid out in their behalf, all directly attributable to defendant's breach of contract. Briefs were filed by all interested parties and plaintiffs ask that the said Motion be granted at this time.

"WHEREFORE, plaintiffs demand on this Motion for Further Relief pursuant to the Declaratory Judgment Act, after notice and hearing, judgment against the defendant Commercial Union Insurance Company of New York in the amount of $4,500.00, for attorney's fees for the prior proceedings herein and for the necessary work in concluding the settlement and continuing these proceedings, for their costs expended and all other proper relief."

On August 15, 1968, the defendant, Commercial Union, filed its motion to dismiss in which it alleged (1) that the

motion of plaintiffs fails to state a claim against the defendant upon which relief can be granted; (2) that the relief asked "is in tort and is separate and distinct from all the relief asked for in the declaratory judgment proceedings herein"; and (3) that although there is diversity of citizenship between the parties, plaintiffs and defendant, the required jurisdictional amount is not present.

### Claim of Plaintiffs for Recovery of Amount Paid in Settlement of State Court Suit

▮ The claim of plaintiffs for judgment for $4,500.00, the amount paid in the settlement of the state court suit, is governed by the substantive law of Arkansas. In Southern Farm Bureau Cas. Ins. Co. v. Mitchell, (8 Cir. 1963) 312 F.2d 485, appellee's action was predicated upon appellant's failure to exercise good faith and the requisite degree of care in refusing to settle and compromise within the policy limits the claim then pending against appellee. At page 496 the court said:

"The law in Arkansas is well settled that a cause of action in tort does exist in favor of an insured against his insurer where the insurer, either through negligence or in bad faith, fails to settle a claim against the insured within the policy limits, when it is possible to do so, and the question of whether or not the insurer, in refusing to settle, was negligent or acting in bad faith, is a question of fact for jury determination. Southern Farm Bureau Casualty Insurance Co. v. Parker, 232 Ark. 841, 341 S.W. 2d 36 (1960); Southern Farm Bureau Casualty Insurance Co. v. Hardin, 351 S.W.2d 153 (Ark.1961)."

In Home Indemnity Co. v. Snowden, (1954) 223 Ark. 64 at page 70, 264 S. W.2d 642 at page 645, the court said:

"While the insured is generally prohibited from making a settlement of a claim under policies giving that right to the insurer, a different rule obtains where the insurer itself in bad faith, breaches the contract by arbitrarily refusing to settle. As is stated in 45 C.J.S., Insurance, § 937b: 'The provision against settlement by insured cannot be taken advantage of by insurer, where it unreasonably delays to take any action, after notice of the claim, or where it breaches its contract, by refusing to defend or settle and denying liability, or by withdrawing from the case, in either of which cases insured is released from its agreement not to settle, and has the right, provided he acts in good faith and with due care and prudence, to make a settlement of the claim or suit; and the amount paid in such settlement, if reasonable, may be recovered from insurer.' See, also, Appleman, Insurance Law and Practice, § 2690."

The plaintiffs contend that the court has jurisdiction of their motion under 28 U.S.C.A. § 2202, which provides:

"Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

▮ The Declaratory Judgment Act, 28 U.S.C.A. § 2201, provides that in a proper case further relief may be sought, but § 2202 is not applicable unless the rights have been determined by the judgment of a court of competent jurisdiction in the suit for declaratory judgment. 6A Moore's Federal Practice, 2d Ed., § 57.10, p. 3047; Sigurdson v. Del Guercio, (9 Cir. 1956) 241 F.2d 480; Morgantown Glassware Guild, Inc., v. Humphrey, (1956) 98 U.S.App.D.C. 375, 236 F.2d 670; Aralac, Inc. v. Hat Corp. of America, (3 Cir. 1946) 166 F.2d 286.

In Shumaker v. Utex Exploration Co., (D.Utah 1957) 157 F.Supp. 68 at page 77, the court said:

"Under 28 U.S.C.A. Sec. 2202, even though it has limited application, the court does have power upon subsequent petition in the same case to grant coercive or further declaratory

relief in connection with a final declaratory judgment theretofore entered."

In Allstate Insurance Co. v. Guaranty Insurance Exchange, (W.D.S.C.1962) 208 F.Supp. 542 at page 544, the court said:

"Under Section 2201 a District Court may upon the filing of an appropriate pleading declare the legal relations of interested parties and the declaration entered has the force and effect of a final judgment or decree. Under Section 2202, the Court may grant further or necessary relief based on a declaratory judgment, after notice and hearing. It is not the primary function of the court in a declaratory judgment proceeding to award damages, but the grant of power contained in section 2202 of the act is broad enough to vest the district court with jurisdiction to award damages where it is necessary or proper to effectuate relief based upon the declaratory judgment rendered in the proceedings."

The only judgment against the defendant is that of August 10, 1967, which ordered the defendant, Commercial Union, to defend that suit. The court also reserved the right of defendant, Commercial Union, to contest any demand by plaintiffs to pay any judgment which might be obtained against them in the state court suit. The right of The Fidelity and Casualty Company of New York to contest any proceeding by Commercial Union against it for contribution or any other claim by reason of any judgment that may be rendered against the plaintiffs in the state court was also reserved.

The suit in the state court did not proceed to judgment against the plaintiffs, but was settled by plaintiffs' paying to the Co-Administrators of the deceased the sum of $4,500.00, and thus any claim of the Co-Administrators against plaintiffs was extinguished, and no further defense was required. The claim of plaintiffs in their motion is, inter alia, for the recovery of the amount paid by them in the settlement of the state court suit. It is a separate and independent claim in tort. Mitchell v. Southern Farm Bureau Cas. Ins. Co. (W.D.Ark.1961), 192 F.Supp. 819. While diversity of citizenship exists between plaintiffs and the defendant, Commercial Union, there is lacking the requisite amount of more than $10,000, and therefore the court is without jurisdiction to adjudicate the claim of plaintiffs for the recovery of the sum so paid. The question should be determined in a court of competent jurisdiction under the applicable law of Arkansas, as stated in Southern Farm Bureau Cas. Ins. Co. v. Mitchell, supra, and Home Indemnity Ins. Co. v. Snowden, supra.

In Skelly Oil Co. v. Phillips Petroleum Co., (1950) 339 U.S. 667, 70 S.Ct. 876 at page 879, 94 L.Ed. 1194, the court stated:

" 'The operation of the Declaratory Judgment Act is procedural only.' Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240, 57 S. Ct. 461, 463, 81 L.Ed. 617, 108 A.L.R. 1000. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction. When concerned as we are with the power of the inferior federal courts to entertain litigation within the restricted area to which the Constitution and Acts of Congress confine them, 'jurisdiction' means the kinds of issues which give right of entrance to federal courts. Jurisdiction in this sense was not altered by the Declaratory Judgment Act. Prior to that Act, a federal court would entertain a suit on a contract only if the plaintiff asked for an immediately enforceable remedy like money damages or an injunction, but such relief could only be given if the requisites of jurisdiction, in the sense of a federal right or diversity, provided foundation for resort to the federal courts."

*Claim of Plaintiffs for Damages and Attorneys' Fee*

Following the entry of the judgment on August 10, 1967, requiring the defendant, Commercial Union, to defend the state court suit, the plaintiffs on September 22, 1967, filed their first motion for further relief pursuant to 28 U.S.C.A. § 2202. The material allegations of that motion have heretofore been set forth, as well as the order of the court entered on November 30, 1967, after a consideration of the motion.

Following the settlement of the state court suit by the plaintiffs, they filed their second motion for further relief under 28 U.S.C.A. § 2202.

The situation that developed following the accident and alleged in these motions is not only unusual but regrettable. The plaintiffs contend that they were required to employ, and did employ, their present attorneys to protect their interests on April 17, 1964, the day after the accident, and that the attorneys did a great deal of work in an effort to avoid litigation because of the unfortunate accident. Both boys, the deceased and Henry D. Broyles, were approximately 15 years of age. Young Broyles is the son of J. Frank Broyles, head coach of the Razorback football team. Both families bore an excellent reputation. The tragedy caused a great deal of comment by the people in general, and it was perfectly natural for Coach Broyles to desire legal advice because there was a likelihood of other claims being made by other people for property damage. No doubt the attorneys for the plaintiffs did do considerable work in an effort to avoid litigation and to prevent as much as possible public condemnation of the deceased's and young Broyles' conduct in driving the automobile in the manner and time they did. Notwithstanding the effort on the part of the attorneys for the plaintiffs, the Bells filed suit on June 3, 1966.

When the plaintiffs were served with summons issued out of the state court, the attorneys for plaintiffs forwarded the same to defendant, Commercial Union, with a request that it assume its obligation to defend plaintiffs. On July 12, 1966, a few days after receipt of the summons and notice of the filing of the suit, the defendant advised plaintiffs that it denied coverage, and therefore refused to defend or otherwise participate in the litigation or assume any responsibility therefor. Upon receipt of the notice of the refusal of defendant to defend the state court suit, the plaintiffs filed their complaint herein on November 4, 1966. On August 10, 1967, the court ordered the defendant to defend that suit.

■ The record discloses that the plaintiffs and their attorneys were dissatisfied with the attention that was given to the case by the attorney for Commercial Union, which dissatisfaction doubtlessly contributed to the decision of plaintiffs to settle the claim of the Co-Administrators of the deceased Bell. It is upon the work done by the plaintiffs' attorneys prior to the filing of the declaratory judgment suit here on November 4, 1966, that the claim of plaintiffs for damages is predicated. After a thorough consideration of all the facts and circumstances disclosed by the record and the allegations in both motions, the court is of the opinion that such claim cannot be sustained by the motions for further relief under 28 U.S.C.A. § 2202. Therefore, the claim for expenses and attorneys' fee prior to the date the declaratory judgment suit was filed on November 4, 1966, should be denied.

■■ However, the court is of the opinion that the plaintiffs are entitled to recover a reasonable sum for the attorneys' fee incurred in the filing and prosecution of the declaratory judgment suit covering the period from the date of filing of the suit to the entry of judgment on August 10, 1967. The Declaratory Judgment Act does not authorize payment of such a fee, but under the law of Arkansas such claim is allowable. In Equity Mutual Insurance Co. v.

Southern Ice Co., (1960) 232 Ark. 41, at page 48, 334 S.W.2d 688, the court held that the contractual obligation of an insurance company to defend is distinct from its duty to pay.

The applicable statute is Ark.Stats. Ann. § 66–3239.[1] In Maryland Casualty Co. v. Turner, (1962) 235 Ark. 718 at page 723, 361 S.W.2d 646 at page 649, the court discussed the question, and held:

> "Attorneys' fees in these types of cases are specifically provided for in the statute and should have been allowed by the trial court."

The court in its opinion referred to and approved the holding in Curran v. Security Insurance Co., (W.D.Ark.1961) 195 F.Supp. 562. In Curran, notwithstanding that neither the plaintiff nor defendant offered or introduced any evidence to establish the amount of the attorneys' fees that should be fixed and awarded in the event the plaintiff prevailed, beginning at page 570 the court discussed the duty and power of the court to fix the fee, and concluded that the court, even in the absence of evidence as to the amount of such fee, may fix the fee based upon the record before it.

■ The statute sets forth a guideline which it is the duty of the court to consider, along with all other facts and circumstances. Following the provision in the statute which provides that the insurance company in a declaratory judgment suit shall also be liable to pay the holder of such policy all reasonable fees for the defense or prosecution of

the said suit, the following appears, "which fees shall be based on the face amount of the policy involved." The limit of liability under the policy to each person is $100,000 for bodily injury; $5,000 for property damage; and $5,000 for medical payments.

The amount sued for by the Co-Administrators of the deceased, Robert E. Bell, a minor, was $103,500.00.

Upon such consideration of all the facts and circumstances and the applicable law, the court feels that a reasonable fee for their services in this case covering the period from November 4, 1966, to August 10, 1967, is $2,500.00.

On August 16, 1968, the defendant filed its motion for leave to file supplemental answer on the ground that in the interest of justice all issues between plaintiffs and defendant, including the transactions, occurrences, and events that have happened since the filing of defendant's original answer and amendment thereto should be litigated in this action.

The court has examined the proposed supplemental answer, but in view of the conclusion that the court has reached, it appears that insofar as this court is concerned the allegations of the supplemental answer are moot, and the motion for leave to file the supplemental answer should be denied.

■ The court is further of the opinion that the controversy between the defendant as third party plaintiff and The Fidelity and Casualty Company of New York, as third party defendant, has be-

1. Section 66–3239, Ark.Stats.Ann., provides:

"In all suits in which the judgment or decree of a court is against a life, fire, health, accident and liability insurance company, either in a suit by it to cancel or lapse a policy or to change or alter the terms or conditions thereof in any way that may have the effect of depriving the holder of such policy of any of his rights hereunder, *or in a suit for a declaratory judgment under such policy,* or in a suit by the holder of such policy to require such company to reinstate

such policy, such company shall also be liable to pay the holder of such policy all reasonable attorneys' fees for the defense or prosecution of said suit, as the case may be, which fees shall be based on the face amount of the policy involved; said attorneys' fees to be taxed by the court where the same is heard on original action, by appeal or otherwise, and to be taxed up as a part of the costs therein and collected as other costs are, or may be by law collected." (Emphasis added.)

come moot, and the third party complaint should be dismissed.

Therefore, judgment is being entered denying the motion of the defendant to file a supplemental answer to its answer and amendment thereto heretofore filed in the case; for the recovery by plaintiffs of the sum of $2,500.00 for attorneys' fee for the prosecution of the declaratory judgment suit up to August 10, 1967; dismissing without prejudice the motion of plaintiffs for the recovery of the $4,500.00, the amount paid by them in settlement of the state court suit; and dismissing the third party complaint. The judgment should further provide that each party should pay their own costs.