CANNADAY v. COSSEY.

5-1541                                        312 S. W. 2d 442

Opinion delivered April 28, 1958.

Holt, Park & Holt, for appellant.

N. J. Henley and Opie Rogers, for appellee.

GEORGE ROSE SMITH, J. On March 1, 1956, the appellants bought an improved 100-acre tract of land from the appellees, paying $2,000 down and executing an installment note for the unpaid balance of $6,000. After occupying the property for about six months the Cannadays discovered that the dwelling house had been seriously damaged by termites. They then brought this suit for a rescission of the contract, asserting that the sellers, with knowledge of the damage to the dwelling, had falsely represented it to be "a good house." Upon conflicting evidence the chancellor concluded that the Cosseys had not acted in bad faith and that the misrepresentation, even if made, was not one that the purchasers were entitled to rely upon. The court accordingly sustained the contract and granted the appellees' prayer for foreclosure of their vendors' lien.

In our opinion the plaintiffs failed to meet the burden of proving actual fraud in the transaction. Cossey, who is seventy-five years old, had lived on the place for more than fifty years. The dwelling in question was built partly with used lumber and was twenty-eight years old at the time of the sale. Cossey considered it to be a good house for its age. He candidly admitted

having seen flying ants around the farm for forty years or more, but he testified that he had had no experience with termites and did not know what a termite was. It is of course common knowledge that many species of harmless ants are temporarily able to fly.

It was evidently possible for Cossey to occupy the house without realizing its condition, for the damage, though extensive, was not easily discoverable. The floors were covered with linoleum, and the walls had been papered eight or ten years before the sale. The Cannadays themselves lived in the dwelling from March until October without suspecting the presence of termites; it was Mrs. Cannaday who first discovered the condition as she was hanging a picture. Her husband then went under the house to examine the sills. He states that the wood looked sound from the outside, but his hammer "buried up" when he tested the wood by striking it. The plaintiffs also attempted to show by other witnesses that Cossey had actual knowledge of the hidden damage, but this proof raises only a mild suspicion and falls short of establishing the charge of conscious bad faith.

It is insisted, however, that the purchasers were not required to prove a deliberate intention to deceive, since one may be held liable for a false statement which he honestly believed to be true. *Fausett & Co.* v. *Bullard,* 217 Ark. 176, 229 S. W. 2d 490. Even so, the representation must amount to more than a mere expression of opinion and must involve a statement of fact that serves as an inducement to the agreement. *Wright* v. *Boltz,* 87 Ark. 567, 113 S. W. 201. In the *Fausett* case, for instance, the seller stated positively, in answer to the purchaser's inquiry, that conditions underneath the house were excellent, when in fact a serious state of deterioration existed.

In the case at bar no one suggests that the matter of termite damage was ever mentioned during the negotiations for the sale. The complaint alleges simply that Cossey represented the dwelling to be a good house. On the witness stand Cannaday went a bit farther and

quoted Cossey as having said, "I have a good sound house here, in good condition." Cossey denies having made any representations at all about the property. He states that he was ill at the time and left the negotiations to his son-in-law. When the Cannadays came to inspect the house Cossey merely invited them to look around as much as they wished. The chancellor did not find it necessary to determine exactly what representation, if any, was made; but, in view of the conflicting versions of the incident, a finding that Cossey described the dwelling as a good house would not be against the weight of the testimony. A general statement of this kind amounts only to an expression of opinion and cannot be relied on by the purchasers as an assurance against the various defects that are apt to be found in a twenty-eight-year-old dwelling. *Parker* v. *Moulton,* 114 Mass. 99; Williston on Sales (Rev. Ed.), § 628. As Williston expresses it: "Statements that things are 'good,' or 'valuable,' or 'large,' or 'strong,' necessarily involve to some extent an exercise of individual judgment, and even though made absolutely, the hearer must know that they can be only expressions of opinion."

Affirmed.

HOLT, J., not participating.