EQUITY MUTUAL INSURANCE Co. *v.* SOUTHERN ICE Co.

4-2065                                    334 S. W. 2d 688

Opinion delivered April 18, 1960.

*Wood, Chesnutt & Smith,* for appellant.

*James C. Cole,* for Southern Ice Co. and *John Duke, Lawson E. Glover,* for Curtis Gober, *Wright, Harrison, Lindsey & Upton,* for The Borden Company.

ED. F. McFADDIN, Associate Justice. This is a declaratory judgment proceeding (§§ 34-2501 *et seq.* Ark. Stats.) brought by the appellant against Southern Ice Company, John Duke, The Borden Company, Curtis Gober, and Bill Herron, all of whom are appellees herein. Each defendant counter-claimed against the plaintiff; and the Trial Court found for each such counter-claiming defendant. From such judgment, the appellant brings this appeal.

The present case was No. 4252 in the Hot Spring Circuit Court, and is the third in a series of three cases arising out of the same mishap. We will identify the cases by the number each had in the Circuit Court. In 1957 The Borden Company was engaged, *inter alia,* in the distribution of dairy products at Malvern, Arkansas. Curtis Gober was Borden's agent; and he employed Bill Herron as a delivery truck driver. The Equity Mutual Insurance Company (sometimes hereinafter called "Equity Company") issued its policy of automobile liability insurance, which covered The Borden Company, Curtis Gober, and Bill Herron; and under the policy the Equity Company was obligated: (1) "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile"; and (2) to ". . . defend any suit against the insured alleging such injury, . . . and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; . . ."

John Arnold, a 13-year-old boy, frequently rode with Bill Herron on the Borden delivery truck and helped with deliveries, and sometimes Herron gave the boy 50¢ or 60¢. On August 27, 1957 (while Equity Company's said

policy was in force) Herron drove the truck to the Southern Ice Company in Malvern to get crushed ice to cover the dairy products in the truck. John Arnold accompanied Herron; and while John Duke, an employee of Southern Ice Company, was crushing the ice to put in the truck, the little 13-year-old Arnold boy put his hand in the crusher and received injuries which precipitated the three cases herein mentioned.

In November 1957 John Arnold, by his father and next friend, filed Case No. 4168 in the Circuit Court, seeking damages against Southern Ice Company and John Duke for the hand injury. In that said case, Southern Ice Company and John Duke filed a third party complaint against The Borden Company, Curtis Gober, and Bill Herron, alleging, *inter alia*:

"On August 27, 1957, John Arnold was injured while, as said invitee and permittee of the third party defendants, he was engaged in the icing of the dairy truck at the defendants and third party plaintiffs' place of business. . . .

"The third party defendants were guilty of negligence which caused or contributed to the injuries, if any, sustained by John Arnold in either or all of the following particulars, to-wit:

"(a) In permitting and inviting a minor to assist in the operation of a dairy truck, under circumstances resulting in his injury, in violation of the law.

"(b) In failing to properly warn a minor under circumstances which resulted in his injuries.

"(c) In failing to properly instruct, guard, watch and supervise a minor's activities under the circumstances which resulted in his injuries.

"(d) In allowing, under the circumstances of this case, a dairy truck to become an attractive nuisance by inviting and permitting a minor to assist in the operation thereof when they knew or by the exercise of ordinary care should have known that said minor would be attract-

ed thereto and was likely to be injured in the course of the operation thereof.

"(e) In allowing, permitting and inviting a minor to perform the normal and customary duties incident to the icing of the dairy truck under the circumstances which resulted in his injury."

The Borden Company, Curtis Gober, and Bill Herron, requested Equity Mutual Insurance Company to defend the said third party complaint; but such request was refused because Equity Company contended that, "the policy did not cover the injuries suffered by John Arnold[1] . . ." While Equity Company was denying to its insureds any duty to defend the litigation, Southern Ice Company and John Duke settled with John Arnold for the injuries to his hand, and obtained a full release for the total amount of $3,045.50.

Then Southern Ice Company and John Duke filed in the Hot Spring Circuit Court, Case No. 4210, naming as defendants The Borden Company, Curtis Gober, and Bill Herron, alleging that the Arnold claim had been settled for $3,045.50, and also making the same allegations as those contained in the third party complaint in Case No. 4168, as heretofore copied. The prayer of the complaint was, that the Southern Ice Company recover from the three named defendants the full amount of $3,045.50 and interest and costs. The Borden Company, Curtis Gober, and Bill Herron again called on Equity Company to defend the Case No. 4210; and, again, Equity Company

---

[1] Here are the reasons Equity assigned for refusing to defend its insureds: "(a) That at the time and place the said John Arnold was injured, the said John Arnold was not engaged in loading or unloading the said milk truck operated by Bill Herron. (b) That the said loading of the milk truck with ice as contemplated by the terms of the policy would not begin until the crushed ice was properly sacked and ready for loading upon said truck. (c) That at the time and place the said John Arnold was injured, the ice and ice grinding machine were in the sole and exclusive custody of the said Southern Ice Company and John Duke, and that the ice had not been delivered to the said Bill Herron for loading until it had completed the grinding operation and was enclosed in a sack. (d) That the said John Arnold was an employee of the said Bill Herron and Curtis Gober, and was excluded from coverage under the policy."

refused for the same reasons it had assigned for refusing to defend the third party complaint in Case No. 4168. Thereupon, each of the defendants in Case No. 4210 undertook a separate defense. The Borden Company and Curtis Gober filed separate answers; and the case is still pending against those two parties. But a default judgment was rendered for Southern Ice Company and John Duke, against Bill Herron, in the sum of $3,045.50 and interest and costs. Execution against Bill Herron was returned *nulla bona*; and it is stated, and not denied, that he is insolvent.

Finally, on October 13, 1958, Equity Company filed the present declaratory judgment proceeding, as Case No. 4252 in the Circuit Court, naming as defendants Southern Ice Company, John Duke, The Borden Company, Curtis Gober, and Bill Herron, and made factual allegations substantially as hereinbefore stated.[2] Each named defendant answered the declaratory judgment complaint and sought affirmative relief against Equity Company; and at the trial, from whence comes this appeal, the Circuit Court rendered judgments against Equity Company as follows: (a) in favor of Southern Ice Company and John Duke for $3,228.23 (being the $3,045.50 and interest) and 12% penalty, plus $500.00 attorney's fee; (b) in favor of The Borden Company for $600.00 for attorney's fee; (c) in favor of Curtis Gober for $600.00 for attorney's fee; (d) in favor of Bill Herron for $200.00 for attorney's fee. It is from these judgments that Equity Company brings this appeal, presenting the matters now to be discussed.

---

[2] The prayer of the complaint of Equity Company was, that the Court determine and adjudge: "1. That none of the Defendants is entitled to recover from the Plaintiff any sum for damages suffered or for expenses incurred. 2. That each of the Defendants be restrained from instituting any action or continuing any action now instituted against the Plaintiff for the recovery of any sums as damages or expenses incurred. 3. That there is no liability on the part of the Plaintiff under the provisions of the aforementioned policy to defend the action on behalf of any of the Defendants herein. 4. That there is no liability on behalf of the Plaintiff under the policy to pay any part or all of any damages that might be awarded against any of the Defendants herein as hereinbefore set out. 5. That the plaintiff recover its costs. 6. For all other proper relief to which the Plaintiff might be entitled."

I.  *The Judgment In Favor Of Southern Ice Company And John Duke.*  The Trial Court refused to hear any evidence offered by Equity Company, and held that the default judgment against Bill Herron, together with the declaratory judgment complaint of Equity Company, entitled Southern Ice Company and John Duke to a summary judgment against Equity Company. Equity Company made proffer of its evidence, and it is before us. We hold that the Trial Court was in error in refusing to hear the evidence tendered by Equity Company for a finding of fact thereon. It is not for us to say what the finding of fact should have been; but we do hold that Equity Company had a right to present its evidence, and receive a factual finding.

As heretofore pointed out, the insurance policy issued by Equity Company was an obligation to pay on behalf of the insured (*i.e.*, Bill Herron, as one such insured), "all sums which the insured shall become legally obligated to pay as damages because of bodily injuries . . . sustained by any person caused by accident, and arising out of the ownership, maintenance, or use of the automobile". This is the "*obligation to pay*", as distinct from "*obligation to defend*", which will be later discussed. Equity Company claimed that the mishap to the Arnold boy did not arise within the insurance coverage, as above quoted. The taking of the default judgment against Bill Herron did not determine whether the mishap was within the insurance coverage. Somewhere in the course of the litigation, Equity Company had a right to have determined whether it was obligated to pay the judgment against Herron; and it chose to file this declaratory judgment[3] proceedings to have the question determined. It was certainly entitled to present its evidence and have the factual questions decided.

---

[3] For informative articles regarding declaratory judgment proceedings, we mention the following: Annotation in 13 A.L.R. 2d p. 777, entitled, "Jury trial in action for declaratory relief"; and annotation in 142 A.L.R. p. 8, entitled, "Application of declaratory judgment acts to questions in respect of insurance policies".

Our original declaratory judgment statute was Act No. 274 of 1953 (§§ 34-2501 *et seq.* Ark. Stats.); and Section 2 of the 1953 Act omitted all reference to "contracts". In *Lumberman's Mutual Casualty Co.* v. *Moses,* 224 Ark. 67, 271 S. W. 2d 780 (decided in 1954), we held that our then existing statute did not authorize a declaratory judgment involving an insurance contract. But the Arkansas Legislature, by Act No. 35 of 1957, amended Section 2 of the 1953 Act so as to include "a written contract or other writings constituting a contract". The 1957 amendment made Section 2 of our Declaratory Judgment Act read exactly like the Uniform Declaratory Judgment Act. Thus, insurance contracts now come within the purview of our declaratory judgment statute; and in *U. S. F. & G.* v. *Downs,* 230 Ark. 77, 320 S. W. 2d 765, we rendered a declaratory judgment in litigation involving insurance contracts.

There are many cases in which declaratory judgment proceedings (under the Uniform Law) have been invoked by insurers in similar or analogous situations. Some of them are: *State Farm Mut. Auto Ins. Co.* v. *Skluzacek,* 208 Minn. 443, 294 N. W. 413; *Farm Bureau Mutual Auto Ins. Co.* v. *Houle,* 118 Vt. 154, 102 Atl. 2d 326; *Hartford Accident & Indem. Co.* v. *O'Connor-Regenwether Post No. 3633,* 247 Iowa 168, 73 N. W. 2d 12; *Standard Cas. Co.* v. *Boyd,* 75 S. D. 617, 71 N. W. 2d 450; *Penn. Cas. Co.* v. *Suburban Service Bus Co.,* Mo. App., 211 S. W. 2d 524; and *State Farm Mut. Auto Ins. Co.* v. *Cardwell,* 250 Ala. 682, 36 So. 2d 75. The Equity Company had a right to use the declaratory judgment proceedings in this case to have determined its duty to pay and/or defend, just as was done in the cases previously cited. The Equity Company alleged, *inter alia:* (1) that the status of the Arnold boy made him an employee of The Borden Company; and (2) that the automobile insurance policy here involved specifically *excluded* employees. The factual issues required determination; and Equity Company was entitled to have the *facts* determined in the declaratory judgment proceedings.

If Southern Ice Company had proceeded against the Equity Company under the provisions of § 66-526 *et seq.* Ark. Stats., Equity Company, as the alleged insurer, could still have made the defense that the policy did not cover the situation out of which the injury arose. (*Home Indemnity Co.* v. *Snowden,* 223 Ark. 64, 264 S. W. 2d 642). The Trial Court should have heard the evidence offered by Equity Company insofar as regards Southern Ice Company and John Duke. For that error, the judgment in favor of Southern Ice Company and John Duke against Equity Company is reversed and the cause is remanded for a trial and factual determination.

II. *The Judgments In Favor Of The Borden Company And Curtis Gober.* These judgments were for the attorneys' fees expended by these two parties in defending the third party complaint in Case No. 4168; in defending the direct complaint in Case No. 4210; and in defending against Equity Company in the present case, which was No. 4252. These judgments are correct. No judgment has been rendered against these assureds, The Borden Company and Gober, in favor of Southern Ice Company, because these assureds have made their own defense; but they contend that Equity Company should have made the defense; and this brings us to the second part of the insurance policy coverage, which was to ". . . defend any suit against the insured alleging such policy injury . . . and seeking damages on account thereof, even if such suit is groundless, false, or fraudulent". In *Lee* v. *Aetna Cas. & Sur. Co.* (2nd Circuit), 178 Fed. 2d 750, Judge Learned Hand clearly pointed out the obligation of the insurer as regards "the duty to defend", even though there was no duty on the insurer "to pay".

We hold that in the case at bar, Equity Company violated its obligation to defend these assureds. We have only to look at the allegations — previously copied — in the third party complaint (Case No. 4168) and the allegations against The Borden Company and Gober in Case No. 4210, to see that the Equity Company has breached its obligation to defend its insureds, as distinct

from its duty to pay. The great weight of authority, in cases like this and involving the insurer's duty to defend, is that the allegations in the pleadings against the insured determine the insurer's duty to defend.[4] It is not what the insurance company may have gleaned from its outside investigation: it is the allegations made against the insured — however groundless, false, or fraudulent such allegations may be — that determine the duty of the insurer to defend the litigation against its insured. In Am. Jur. Vol. 5A page 122 "Automobile Insurance" § 119, the holdings are summarized: "As a general rule, the obligation of an automobile liability insurer under a policy provision requiring it to defend an action brought against the insured by a third party is to be determined by the allegations of the complaint in such action."

In the case at bar, the allegations in the third party complaint against The Borden Company and Gober, were not mere legal conclusions, but were factual allegations; and Equity Company has breached its duty to defend. Very fortunately for Equity Company, no judgment has gone against The Borden Company or Gober; and Equity Company may, if it so desires, defend the Case No. 4210 still pending against The Borden Company and Gober; but Equity Company must pay the reasonable attorneys' fees which its insureds have paid. The Trial Court heard testimony about these amounts and rendered judgments against Equity Company; and the evidence sustains the judgments rendered. On appeal, The Borden Company and Gober ask additional attorneys' fees for services in this Court; and we find that they are entitled to such amounts and fix the same at a total of $250.00 for both The Borden Company and Gober.

---

[4] For informative articles on the duty of the insurer to defend, see: Annotation in 50 A.L.R. 2d p. 458, entitled: "Allegations in third person's action against insured as determining liability insurer's duty to defend"; annotation in 49 A.L.R. 2d p. 694, entitled: "Consequences of liability insurer's refusal to assume defense of action against insured upon ground that claim upon which action is based is not within coverage of policy"; and article in 11 Ark. Law Review p. 26, entitled: "Obligations of insured and insurer under automobile liability policies".

III. *The Judgment For Bill Herron Against Equity Company.* The Trial Court rendered judgment for $200.00 attorney's fee and expenses incurred by Bill Herron in the case No. 4168 and the present case; and he has not cross appealed or filed any brief in this Court. The Trial Court's judgment is affirmed as regards Bill Herron.

## CONCLUSION

The judgment in favor of Southern Ice Company and John Duke against Equity Company is reversed; in all other respects the judgment is affirmed; and the entire cause is remanded to reinvest the Circuit Court with jurisdiction for further proceedings not inconsistent with this opinion.