■ FRANCIS COONS, Respondent, v. MASSACHUSETTS BONDING AND INSURANCE COMPANY, Appellant.— Appeal by defendant from a judgment of the Supreme Court in favor of the plaintiff, after a trial before the court without a jury. The effect of the judgment is to require the defendant to defend the plaintiff in certain actions brought against him arising from automobile collisions and to require the defendant to pay any judgments against the plaintiff by reason of such actions within the limits of its policy. The real question in the case is whether the plaintiff was driving the covered automobile at the time of the collisions with the implied consent of the plaintiff's brother, who was the owner of the automobile and the named assured. The facts are not in dispute. The defendant issued a standard automobile liability insurance policy to Van Buren Coons, plaintiff's brother, covering a 1948 Chevrolet automobile, and the policy was in effect on December 9, 1957, when the automobile was involved in several collisions with other automobiles. On the evening in question Van Buren Coons was driving said automobile in a northerly direction on North Pearl Street in the City of Albany. Van Buren Coons' wife was a passenger in the front seat. Plaintiff and his fiancée, one Patricia Riley, were passengers in the rear seat. At a point in front of the Strand Theater Van Buren Coons suddenly stopped the automobile near the center of the street, got out of the car and walked away, leaving the motor running. Mrs. Van Buren Coons and Patricia Riley also got out of the car and followed Van Buren Coons, leaving the plaintiff as the sole occupant of the car. Plaintiff, who had no operator's license at the time, got into the front seat, put the car into gear, and attempted to move it from the center of the street. At that time a police car came along and plaintiff "panicked" and continued on until he struck several automobiles, resulting in five lawsuits being brought against him. Under such circumstances permission may be implied from the acts and conduct of the owner, and "it must be recognized as a basic proposition that when one leaves his motor vehicle in a busy street in such a position that a reasonably prudent person should anticipate that in the event of an emergency or other necessity, it must be moved, it imposes upon the owner responsibility for the negligent acts of the person left in charge." (*Winnowski* v. *Polito*, 294 N. Y. 159, 162.) At least a factual question was presented from which the trier of the facts could determine that there was implied permission to operate the car. There is no evidence in the record that the owner did not give permission. Judgment affirmed, with costs. Bergan, P. J., Coon, Gibson and Herlihy, JJ., concur; Reynolds, J., dissents, and votes to reverse.