Marshall and Margaret **PYWELL**,
Appellants,

v.

John T. and Marina **HALDANE**, Appellees.

No. 3069.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 22, 1962.

Decided Dec. 17, 1962.

Jackson Brodsky, Kensington, Md., with whom Paul Q. Cuddy, Kensington, Md., was on the brief, for appellants.

Harvey B. Steinberg, Bethesda, Md., for appellees.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

QUINN, Associate Judge.

Appellants purchased a house from appellees which appellees' agent represented to be in good or sound condition. Subsequently the premises were found to be damaged by termites and appellants brought this action to recover damages resulting from the allegedly fraudulent representation.

The trial court found that appellees' attention had been drawn to the fact "that there may have been termites" in the premises a year prior to the sale and that this "suspicion or knowledge" was not communicated to the broker or to appellants. The court then concluded that (1) the statement of the broker that the house was in good or sound condition was not a statement of material fact upon which appellants could rely; and (2) the failure of appellees to disclose the fact that there may have been termites in the house was not a sufficient basis upon which an action for fraud could be founded. Judgment was entered for appellees and this appeal followed. Appellants have assigned as error both conclusions reached by the trial court.

█ It is clear the broker's representation that the house was in good or sound condition was merely the expression of an opinion and not a representation of material

fact upon which appellants could rely.[1] Such a description of the premises, quite common in the parlance of sales, was so vague and general as to be incapable of particular application.[2] The words were but indefinite generalities so plain that they cannot be supposed to have deceived any rational person.[3]

Appellants contend that appellees had knowledge of termite damage to the premises and that they took active steps to conceal the damage through the use of paint and putty. The trial court was of the opinion that appellants did not establish by clear and convincing evidence that the concealment was made with the intent to deceive, and concluded that the action for fraud could not be based upon appellees' failure to disclose that there may have been termites in the premises. We are of the opinion that the record supports the trial court's conclusion. At most appellants were able to show that appellees had been informed by a neighbor that there may have been termites in the premises. Appellees testified that the house had been painted because of damage done by tenants prior to the sale to appellants. They further testified that they moved from the three-story premises because they wanted to live in a single floor residence.

Appellants made no inquiries as to the possible presence of termites,[4] nor did they seek the advice of one who could have given them a more accurate appraisal of the condition of the house. Instead they relied upon their own inspection and the broker's opinion that the house was in good condition. We find no error on the part of the trial court.

Affirmed.

1. See Cannaday v. Cossey, 28 Ark. 1119, 312 S.W.2d 442 (1958).

2. See Milkton v. French, 159 Md. 126, 150 A. 28 (1930). Spargnapani v. Wright, D.C.Mun.App., 110 A.2d 82 (1954), relied upon by appellants, is clearly distinguishable.

3. See Fegeas v. Sherrill, 218 Md. 472, 147 A.2d 223 (1958), and cases cited therein.

4. Cf. Russo v. Williams, 160 Neb. 564, 71 N.W.2d 131 (1955); Davis v. Dunn, Fla., 58 So.2d 539 (1952).