W. O. SLAYTON, Special Administrator for the Estate
of Laura Lee SLAYTON, deceased *v.* Dr. John H.
BRUNNER and Virginia DWIRE

82-61                                                633 S.W.2d 29

Supreme Court of Arkansas
Opinion delivered May 24, 1982

*Jerry D. Pruitt,* for appellant.

*Phillip Malcom* and *Laura A. Hensley* of *Friday,
Eldredge & Clark,* for appellee Brunner.

*McMillan, Turner & McCorkle,* by: *Otis Turner,* for
appellee Dwire.

RICHARD B. ADKISSON, Chief Justice. Appellant brought
suit for medical malpractice against appellees, Dr. John
Brunner and nurse Virginia Dwire, in connection with the
death of Laura Lee Slayton. On appeal from an order of
summary judgment in favor of appellees, we reverse and
remand.

Slayton was first admitted to Ouachita Memorial Hos-
pital in Hot Springs on August 7, 1977, for delivery of a baby
by Caesarean section. Complications developed which re-
quired further surgery. She was finally discharged on
October 21, 1977, with a large abdominal wound in which
marlex mesh was sewn to aid in healing. On April 14, 1978,

she underwent surgery to repair a ventral hernia and to remove the marlex mesh from her abdominal wall. Appellee Brunner performed the surgery and appellee Dwire administered the anesthesia. Almost immediately after the surgery was completed Slayton suffered a cardiac arrest, with resulting brain damage. She died on April 24, 1978.

Dr. John Brunner filed a motion for summary judgment alleging that he was not negligent in the care and treatment of Laura Lee Slayton, deceased. He attached several exhibits to his motion, including affidavits from Dr. Robert Hill and Dr. A. E. Pollard. Both concluded, based on the record, that Dr. Brunner was not guilty of any negligence.

Virginia Dwire, the nurse anesthetist, filed her motion for summary judgment attaching several exhibits to her motion including affidavits from Phyllis Braden, C.R.N.A., and Dr. A. E. Pollard. Both affidavits concluded that Virginia Dwire was not guilty of any negligence in her treatment of Laura Lee Slayton.

Appellant filed a response to appellees' motion for summary judgment, attaching as an exhibit the affidavit of Dr. Robert King. Dr. King concluded in his affidavit that both Dr. Brunner and nurse Dwire were negligent in their care and treatment of Laura Lee Slayton and that this negligence was the proximate cause of her death.

Appellees argue Dr. King is incompetent to testify because his affidavit does not show that he is familiar with the standard of care of a surgeon or nurse anesthetist in Hot Springs or a similar locality on April 14, 1978. This standard is commonly referred to as the same or similar locality rule and is set out in AMI 1501.

In his affidavit Dr. King stated that he is a licensed physician practicing in Lawton, Oklahoma; that he graduated from medical school in 1974; that in 1977 he completed his residency; and that he now specializes in the practice of anesthesiology in Lawton. His affidavit also states that he is aware of the degree of skill and learning

ordinarily possessed by surgeons and nurse anesthetists in Hot Springs, Arkansas, in April, 1978.

Lawton, Oklahoma, has a population of 80,000; Hot Springs a population of about 25,000. The two hospitals in Lawton are accredited by the Joint Commission on Accreditation of Hospitals as is Ouachita Memorial Hospital. All three hospitals have board certified surgeons and nurse anesthetists. King stated that he has received patients on a referral basis from rural communities with populations of 5,000 or more and from cities of 150,000 and that he has consulted by phone with physicians practicing in cities of 5,000 to 400,000 in size.

We stated in *Gambill* v. *Stroud*, 258 Ark. 766, 531 S.W.2d 945 (1975) that an expert witness in a medical malpractice action does not need to be one who has practiced in the particular locality, or one who is intimately familiar with the practice in it in order to be qualified as an expert. In *White* v. *Mitchell*, 263 Ark. 787, 568 S.W.2d 216 (1978) an orthopedic surgeon, who practiced and taught in Phoenix, Arizona, but was a consultant at a hospital in a town with a population of 4,500 and received referral patients from rural communities, was allowed to testify as to the alleged negligence of a physician in Malvern, Arkansas. Accordingly, Dr. King is qualified to testify in this case.

Appellee Brunner argues that Dr. King, an anesthesiologist, is not qualified to testify as an expert in the specialty of surgery. However, both are medical school graduates licensed to practice in their respective states. Appellant does not allege that appellee was negligent in performing the actual surgical procedure used to repair the ventral hernia and remove the marlex mesh. Negligence is alleged in procedures performed or omitted before and after the actual surgery.

Appellees further argue that the trial court correctly granted summary judgment after finding that no issues of fact were raised because "the record did not disclose any evidence of negligence on the part of Mrs. Dwire or Dr. Brunner as the proximate cause of the death of Laura Lee

Slayton." ARCP Rule 56, Ark. Stat. Ann., Vol. 3A (Repl. 1979) provides for summary judgment if there is no genuine issue as to any material fact as shown by the pleadings and affidavits.

Although two doctors and one nurse who reviewed the record concluded in their affidavits that appellees were not negligent, the affidavit of Dr. King states that after reviewing the complaint, depositions, and records in this case, he found evidence that appellees were negligent. He specifically found evidence of negligence by the fact that appellees failed to make a complete preoperative evaluation of the patient before administering anesthesia and failed to adequately monitor Slayton prior to transferring her to the recovery room. He also found that appellees took improper steps to reverse the effects of the respiratory and cardiac arrest and that the nurse anesthetist failed to properly record the dosage of medication on the anesthesia record.

Based upon the same facts medical experts have arrived at opposite conclusions. Under such circumstances the entry of summary judgment under ARCP Rule 56 was error.

Reversed and remanded.

HOLT, J., not participating.