Harry WOLNER *v.* Dr. Leonard R. BOGAEV

86-74                                                    718 S.W.2d 942

Supreme Court of Arkansas
Opinion delivered November 10, 1986

*Knauts & Cole*, by: *C. W. Knauts*, for appellant.

*Barrett, Wheatley, Smith & Deacon*, for appellee.

STEELE HAYS, Justice. This is an appeal from a summary judgment in a medical malpractice case. Two days before entering the hospital for a prostatic condition, Mr. Harry Wolner, age 83, fell backwards while climbing stairs in his home. The fall

was noted on hospital and medical records.

On March 10, 1983 Mr. Wolner underwent prostatic surgery. He was up on the 11th and on the 12th spent several hours seated in a chair in his room, "alert and oriented." On the morning of the 13th Mr. Wolner got up from his chair to go to the bathroom and fell, breaking his arm. Suit was filed against St. Bernard's Regional Medical Center and against Dr. Leonard Bogaev, a Jonesboro urologist. Both defendants moved for summary judgment, and were upheld. Mr. Wolner has accepted the ruling in favor of the medical center, but has appealed from the ruling on behalf of Dr. Bogaev. He argues the trial court erred in holding there was no genuine issue of material fact. We sustain the argument.

In support of the motion are affidavits of Dr. Bogaev and of Dr. Richard Burns, consulting physician in the case. The affidavits state pertinent facts concerning Mr. Wolner's history and treatment and that in the opinion of the treating physicians restraints were not warranted. Mr. Wolner's response to the motion included an affidavit from Dr. James Sheridan of Piggott reciting his understanding of the facts and concluding that due to Mr. Wolner's age, medication and history, "it would have been prudent to use either restraints or bedrails while he was not attended post-op. This patient had a history of falling and such a history would make it all the more important that steps be taken to prevent the recurrence of such accident."

Dr. Bogaev faults the affidavit of Dr. Sheridan for failing to state that he was qualified to express an opinion as to the standard of care in Jonesboro, or that he had personal knowledge of the treatment rendered by Dr. Bogaev, and in failing to state Dr. Bogaev did not meet the standard of care of physicians saying only that it would have been "prudent" to use restraints.

The review of summary judgments is well stated in *Walker* v. *Stephens*, 3 Ark. App. 205, 626 S.W.2d 200 (1981):

> The principle of law which we must follow in review of summary judgment decisions is well established. On such motions the moving party has the burden of demonstrating that there is no genuine issue of fact for trial and any evidence submitted in support of the motion must be

reviewed most favorably to the party against whom the relief is sought. Summary judgment is not proper where evidence, although in no material dispute as to actuality, reveals aspects from which inconsistent hypotheses might reasonably be drawn and reasonable men might differ.

It is an extreme remedy. *Dodrill* v. *Arkansas Democrat Co.,* 265 Ark. 628, 590 S.W.2d 840 (1979). The object of a summary judgment is not to try the issue but to determine if there are issues to be tried. *Ashley* v. *Eisele,* 247 Ark. 281, 445 S.W.2d 76 (1969). If there is any doubt whatever, it should be denied. *Southland Insurance* v. *Northwestern National Insurance Co.,* 255 Ark. 802, 502 S.W.2d 474 (1973).

■ We agree that Dr. Sheridan's affidavit leaves something to be desired, but for several reasons we think it suffices. The fair inference is that Dr. Sheridan believes that good medical practice called for restraints for this patient. To say it would have been prudent to have ordered restraints is simply another way of saying it was imprudent to fail to do so. For purposes of summary judgment where doubts, if reasonable, must be resolved against the movant, we find that statement adequate. *Trace X Chemical, Inc.* v. *Highland Resources, Inc.,* 265 Ark. 468, 579 S.W.2d 89 (1979).

We attach no great significance to the fact that Dr. Sheridan did not claim in his affidavit to be familiar with medical standards in Jonesboro. The aim of that requirement is to prevent higher standards ordinarily found in the more urban areas from being applied where less demanding standards tend to prevail. We would expect to find standards of medical care in Jonesboro to be the equivalent, at least, of those practiced in Piggott. Thus, Dr. Sheridan was not implicitly imposing higher standards to Dr. Bogaev than should, in fairness, apply.

■ Dr. Bogaev cites ARCP Rule 56(e), *Pruitt* v. *Cargill, Inc.,* 284 Ark. 474, 683 S.W.2d 906 (1985), and *Hughes Western World, Inc.* v. *Westmoor Manufacturing Co.,* 269 Ark. 300, 261 S.W.2d 826 (1980) for the contention that Dr. Sheridan must have personal knowledge of the facts. It is correct that Rule 56 (e) requires personal knowledge by affiants in support of summary judgment, and we have held that affidavits couched in terms of "as Affiant understands it" are not sufficient. *Pruitt* and *Hughes,*

*supra.* But those cases involve lay witnesses and obviously the requirement of personal knowledge has no application to an expert witness who is, in many instances, testifying to an opinion based entirely on assumed facts. *Arkansas State Highway Commission* v. *Schell*, 284 Ark. 293, 683 S.W.2d 618 (1985); *Slayton* v. *Brunner*, 276 Ark. 143, 633 S.W.2d 29 (1982); *White* v. *Mitchell*, 263 Ark. 787, 568 S.W.2d 216 (1978); and see Ark. Unif. R. Evid. Rule 703.

█ Having recognized the imperfection of Dr. Sheridan's affidavit (which, in a different case, might fail to measure up) we point out that we come to the result reached here because the affidavits of Drs. Bogaev and Burns are themselves merely conclusory assertions they were not at fault. When that is virtually all the supporting strength of a motion for summary judgment then the movant has failed to make a prima facie showing of entitlement to summary judgment and the burden of going forward does not shift to the opposing party. *Hurtt* v. *Galeburn*, 330 A.2d 134 (SC of Del. 1974) and see concurring opinion of Mr. Justice McClintock in *Vassos* v. *Roussalis*, 625 P.2d 768 (SC of Wyo. 1981).

█ As the moving party, Dr. Bogaev must show what the requisite standard of care was under the surrounding circumstances and show that he conformed to that standard. Until that is done, the burden of supplying acceptable proof does not shift to the non-moving party. *Hurtt* v. *Galeburn, supra.* The affidavits of Dr. Bogaev and Dr. Burns failed to provide any specifics as to the appropriate standard of care for the use of restraints so that the trial court could determine whether the conduct did conform, and whether factual issues remained in dispute. These affidavits simply asserted a general conclusion that restraints were not warranted. That fails to meet the requirements of Rule 56 and, hence, the burden never shifted to Mr. Wolner. It follows that the motion for summary judgment should not have been granted.

Reversed.