John R. JETER and Connie L. Jeter, Husband and Wife
*v.* Joey PIANALTO and Griffco, Inc.,
d/b/a The Griffin Company

CA 94-854                                        905 S.W.2d 71

Court of Appeals of Arkansas
Division II
Opinion delivered September 6, 1995
[Rehearing denied October 4, 1995.]

*Elrod Law Firm*, by: *Martha L. Londagin*, for appellants.

*Roy & Lambert*, by: *James M. Roy, Jr.*, for appellees.

MELVIN MAYFIELD, Judge. This is an appeal from a summary judgment. Although the appellants' brief states that the appeal should be filed in the Arkansas Supreme Court because the cause of action involved is a tort, the Arkansas Supreme Court

transferred the case to this court apparently because the question presented is not a "question about the law of torts." *See* Supreme Court Rule 1-2(16).

On September 22, 1992, the appellants, Connie and John Jeter, contracted to buy a house owned by Clay Simpson. The property was listed for sale with appellee Griffco, Inc., d/b/a The Griffin Company. Appellee Joey Pianalto was the listing and sales agent for Griffco. The sale was closed on October 15, 1992.

On February 19, 1993, the appellants filed a complaint against Simpson, Griffco, and Pianalto. The complaint alleged a number of problems and defects in the house resulting from a malfunctioning septic system, a cracked foundation, a driveway that needed replacement, and the lack of proper insulation under the house and around the water pipes. The complaint alleged that Pianalto knowingly misrepresented the quality and condition of the property with the intention that appellants would act on the representations; that this induced the appellants to close the purchase of the residence; and that Griffco was vicariously liable for Pianalto's actions. The only issue involved in this appeal concerns the sufficiency of the representations to support appellants' cause of action. *See Delta School of Commerce, Inc.* v. *Wood*, 298 Ark. 195, 766 S.W.2d 424 (1989) (listing the elements of an action for deceit).

The appellees answered the complaint and filed a motion for summary judgment alleging there was no genuine issue as to any material fact and that they were entitled to judgment as a matter of law. Attached to appellees' brief in support of their motion were the Seller's Disclosure form, the Real Estate Contract, and an Inspection and Repairs form. Appellants denied the appellees were entitled to summary judgment and filed the depositions of Pianalto and Connie and John Jeter and a brief in support of their denial.

On February 25, 1994, the trial judge entered an order granting appellees' motion for summary judgment. Subsequently, after a settlement was reached on a third-party complaint by Simpson against the builder of the house, appellants' complaint against the appellees was dismissed with prejudice.

Appellants contend on appeal that the trial court erred in

granting summary judgment because there were material issues of fact to be decided.

Summary judgment is an extreme remedy and should be granted only when a review of the pleadings, depositions, and other filings reveal that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Baxley* v. *Colonial Ins. Co.*, 31 Ark. App. 235, 792 S.W.2d 355 (1990). The court views the testimony in the light most favorable to the party against whom the judgment is sought, and when reasonable minds might differ as to conclusions to be drawn from the facts disclosed, a summary judgment is not proper. *Culpepper* v. *Smith*, 302 Ark. 558, 561, 792 S.W.2d 293, 294 (1990).

Here, the appellants alleged that Pianalto made the following representations concerning the condition of the property: (1) "I am looking at the Disclosure Statement at this moment and it says everything is okay with the house"; (2) "My brother, Rick Pianalto, built the house and I can tell you personally that there are no problems with the house"; and (3) "I know Clay Simpson personally and know him to be a fine person."

In her deposition, Connie Jeter testified that Pianalto made the statements to her over the telephone approximately two weeks prior to closing; that he never mentioned that the Jeters could have professional inspectors to check the house; that they had never seen the Disclosure Statement at that time; that you listen to your real estate agent because you know he is not going to lead you astray; that she did not know at that time that Pianalto was an agent of the seller and not her agent; and that she found out after the sale was closed that there were a number of problems with the house.

The trial judge found, after considering the pleadings and briefs of counsel, that there was no evidence to indicate the first or third statement was untrue; that the second statement was only Pianalto's "opinion" as to the condition of the house; and that there were no material issues of fact for trial.

In making these findings the trial judge relied upon *Cannaday* v. *Cossey*, 228 Ark. 1119, 312 S.W.2d 442 (1958). In that case it was alleged the sellers had falsely represented their house

to be a "good house." Our supreme court held that this was such a general statement that it amounted only to an expression of opinion and could not "be relied upon by the purchasers as an assurance against the various defects that are apt to be found in a 28-year-old dwelling." The court said statements that things are "good," or "valuable," or "large," or "strong," necessarily involve to some extent an exercise of individual judgment, and even though made absolutely, the hearer must know they can be only expressions of opinion. 228 Ark. at 1121, 312 S.W.2d at 444.

Under the rules applying to motions for summary judgment as set out in *Culpepper* v. *Smith, supra*, we think the statement in the instant case that "My brother, Rick Pianalto, built the house and I can tell you personally that there are no problems with the house" could be considered under the circumstances here as more than a general statement of opinion. Because of Pianalto's relationship with the builder, we think the fact finder could reasonably find that the statement implied first-hand knowledge concerning the condition of the house and that the appellants were, therefore, entitled to rely on the statement made by the real estate salesman. *See also Fausett & Company, Inc.* v. *Bullard*, 217 Ark. 176, 229 S.W.2d 490 (1950), (the buyer of property is entitled to rely on statements of the seller where the seller has peculiar knowledge of the subject matter of the sale).

Therefore, we think there was a genuine issue of a material fact to be decided and summary judgment should not have been granted.

Reversed and remanded.

ROGERS and COOPER, JJ., agree.