Jean MADDEN, d/b/a Madden Law Firm and Gordon
Humphrey *v.* CONTINENTAL CASUALTY COMPANY

CA 95-297                                    922 S.W.2d 731

Court of Appeals of Arkansas
Division III
Opinion delivered May 15, 1996

*The Perroni Law Firm, P.A.*, by: *Samuel A. Perroni* and *J. Nichole Graham*, for appellants.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, by: *John S. Cherry, Jr.* and *Christopher Gomlicker*, for appellee.

MELVIN MAYFIELD, Judge. Appellants, Jean Madden, d/b/a Madden Law Firm, and Gordon Humphrey, appeal from an order granting summary judgment in favor of appellee, Continental Casualty Company.

The appellee issued a Lawyers Professional Liability Insurance Policy to the Madden Law Firm for the period September 19, 1993, to September 19, 1994, covering claims made against the insured during the term of the policy. The policy provided that:

### I. COVERAGE AGREEMENTS

A. We will pay all amounts, to our limit of liability, which you become legally obligated to pay as a result of a wrongful act by you or by any entity for whom you are legally liable.

. . . .

### IV. DEFINITIONS

"Claim" means the receipt of a demand for money or services, naming you and alleging a wrongful act.

"Professional services" means services rendered in your capacity as a lawyer, real estate title insurance agent, or

notary public. This also includes your acts as an administrator, conservator, executor, guardian, trustee, receiver, or in any other similar fiduciary activity.

"Wrongful act" means any negligent act, error or omission in:

A. the rendering of or failure to render, professional services; or . . . .

The policy also contained exclusions for other business enterprises and for fraud.

On April 22, 1994, Pete and Sherry Frandsen filed a complaint against appellants alleging that Pete Frandsen applied for a loan to develop certain real estate with Hillcrest Mortgage Company, Inc., which is owned by Jean Madden. Instead of making the loan, Madden entered into a business venture with the Frandsens and instructed Gordon Humphrey, her employee, to prepare the necessary paperwork. According to the complaint, Madden and Humphrey agreed to perform all legal work necessary to carry on the real estate development as Huckleberry Woods, Inc.

The complaint alleged that Madden and Humphrey undertook legal representation of the Frandsens, and it listed fifteen separate acts alleged to constitute either legal malpractice or fraud. In regard to malpractice, the complaint alleged that appellants undertook legal representation of the Frandsens, and, at the same time, undertook to represent them in a joint business venture; that appellants failed to advise the Frandsens of their rights as corporate stockholders; that appellants breached their fiduciary duty to the Frandsens; and that appellants breached their duties as attorneys by failing to perform work promised. In regard to fraud, the complaint alleged that Madden set about a course of action to force them into bankruptcy and take their real property; that Madden made false representations to induce the Frandsens to enter into a business agreement in order to steal their property; and that Madden failed to change an incorrect property description in a deed.

The appellee declined to defend the lawsuit, and on June 14, 1994, the appellants filed a complaint for declaratory judgment seeking a determination that the appellee was liable on its policy; that appellee pay damages that might be awarded to the appellants; that the appellee owed a duty to defend in the lawsuit; and that

appellants recover costs and attorney's fees.

Both parties moved for summary judgment. In its motion for summary judgment, the appellee asserted that there is no coverage under the policy because the activities in question were not services rendered by Madden in her capacity as a lawyer and, alternatively, that her actions fell within policy exclusions for fraud and for actions taken in connection with another business enterprise. The appellee asserted that it had no duty to defend or indemnify appellants under the policy. The appellants' motion for summary judgment asserted there were no genuine issues of material fact and that summary judgment should be entered in their favor as a matter of law.

On November 30, 1994, the trial court granted appellee's motion for summary judgment on the basis that the actions alleged in the complaint did not constitute the performance of professional services of an attorney, and no attorney/client relationship was formed between either of the appellants and the Frandsens. The court stated that the fact that the complaint used the words "legal malpractice" is not determinative, and that neither coverage nor a duty to defend was triggered under the policy.

The court also found that, even if an attorney/client relationship existed, the allegations of fraud could not trigger coverage because of a policy exclusion. The court made no finding on the applicability of the "business enterprise" exclusions.

The appellants argue that the trial court erred in granting summary judgment to the appellee because the complaint alleges sufficient acts of a legal nature to constitute coverage under the policy.

■ We first note that the declaratory judgment in this case was entered as a result of the court's granting appellee's motion for summary judgment. Summary judgment is authorized by Ark. R. Civ. P. 56(c) when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact." Summary judgment is an extreme remedy and should be granted only when a review of the pleadings, depositions, and other filings reveal there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Baxley v. Colonial Insurance Co.*, 31 Ark. App. 235, 792 S.W.2d 355 (1990). In considering a

motion for summary judgment the court views the facts in the light most favorable to the party against whom the judgment is sought; all inferences are drawn against the moving party; and when reasonable minds might differ as to conclusions to be drawn from the facts disclosed, a summary judgment is not proper. *Culpepper v. Smith,* 302 Ark. 558, 792 S.W.2d 293 (1990).

■ The general rule is that the pleadings against the insured determine the insured's duty to defend. *Baxley v. Colonial Insurance Co., supra.* The duty to defend is broader than the duty to pay damages and the duty to defend arises where there is a possibility that the injury or damage may fall within the policy coverage. *Commercial Union Insurance Co. of America v. Henshall,* 262 Ark. 117, 553 S.W.2d 274 (1977). The insurer must defend the case if there is any possibility that the injury or damage may fall within the policy coverage. *Home Indemnity Co. v. City of Marianna,* 291 Ark. 610, 727 S.W.2d 375 (1987). It is the allegations made against the insured, however groundless, false, or fraudulent such allegations may be, that determine the duty of the insurer to defend the litigation against its insured. *Equity Mutual Insurance Co. v. Southern Ice Co.,* 232 Ark. 41, 334 S.W.2d 688 (1960).

Here, the appellee issued a Lawyers Professional Liability Insurance Policy to the Madden Law Firm for the period September 19, 1993, to September 19, 1994, covering claims made against the insured during the term of the policy. On April 22, 1994, a complaint was filed against the Madden Law Firm. The complaint alleged that the appellants undertook legal representation of the Frandsens and committed malpractice; that they had a fiduciary duty to the Frandsens due to the attorney/client relationship; that they breached their duties as attorneys by failing to perform work that they had promised to do; that they failed to properly describe real estate; and that they failed to advise the Frandsens of their rights as stockholders.

■ Therefore, based upon the filing of a complaint against the appellants during the policy term and upon the allegations of the complaint, we think the trial court erred in holding the appellee had no duty to defend appellants and in granting summary judgment for the appellee.

However, we cannot grant appellants' request that we remand for entry of a summary judgment in their favor.

■ While the insured is entitled to a defense if there is any *possibility* that the injury may fall within the policy limits based upon the allegations of the complaint however groundless or false those allegations may be, *Home Indemnity Co.*, and *Equity Mutual Insurance Co.*, *supra*, whether the insurer has a duty to pay depends upon whether coverage actually extends to the facts established at trial. *See Commercial Union Insurance Co.*, *supra*; *American Home Assurance Co.* v. *Ingeneri*, 479 A.2d 897 (Me. 1984). *See also* 7C John A. Appleman, *Insurance Law and Practice*, § 4684 at 83-84 (Berdal ed. 1979).

At this point in this case, we cannot determine whether appellee has a duty to pay. There are questions of fact as to whether the appellants' actions are actions relating to the practice of law; whether an attorney/client relationship was established; and whether appellants' actions fell within the policy exclusions.

There are situations in which declaratory judgment may be granted as to the duty to defend. *See Travelers Indemnity Company* v. *Olive's Sporting Goods, Inc.*, 297 Ark. 516, 764 S.W.2d 596 (1989), (declaratory judgment proceeding to determine the amount of coverage under the terms of a policy of insurance); *American Policyholders' Insurance Co.* v. *Cumberland Cold Storage Co.*, 373 A.2d 247 (Me. 1977) (declaratory judgment may be entered simultaneously as to both the duty to defend and the duty to pay when the case is based on such issues as nonpayment of a premium, cancellation of a policy, failure to cooperate, or lack of timely notice).

■ Here, however, because there are genuine issues of fact to be determined, a declaratory judgment based upon a motion for summary judgment was not proper.

Reversed and remanded for further proceedings consistent with this opinion.

PITTMAN and GRIFFEN, JJ., agree.